ILLINOIS CENT. R. CO. v. INTERNATIONAL ASS'N OF MACHINISTS, et al.

(Circuit Court, E. D. Illinois. October 23, 1911.)

1. INJUNCTION (§ 114*)—LABOR ORGANIZATIONS—STRIKES.

Members of a labor organization, by their membership of the union and their election of officers and agents, who were promoting and governing strikes, were subject to an injunction restraining members of the union from trespassing on the property of a railroad company against which a strike had been ordered, and from interfering with its business, though they personally claimed they had not been guilty of any trespass or violation of the law, and had endeavored to persuade others of their fellows not to do so.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 202-220; Dec. Dig. § 114.*

Restraining boycotts, strikes, and other combinations by employés interfering with commerce or business, see note to Shine v. Fox Bros. Mfg. Co., 86 C. C. A. 313.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. INJUNCTION (§ 101\*)—STRIKES—TRESPASS—INTERFERENCE WITH INTERSTATE COMMERCE.

Where a labor union instituted a strike against an interstate carrier, the latter was entitled to an injunction restraining the union and its members from trespassing on the carrier's property or interfering with its business as an interstate carrier, etc.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 174, 175; Dec. Dig. § 101.\*]

In Equity. Suit by the Illinois Central Railroad Company against the International Association of Machinists and others. On motion by complainant for an injunction restraining defendants from trespassing on its property and from interfering with its business as an interstate carrier. Granted.

W. S. Horton, John G. Drennan, and W. W. Barr, for complainant. Jonas & Haley, for certain defendants.

WRIGHT, District Judge (orally). In this motion by the complainant for a temporary injunction as prayed in the bill of complaint, there is no substantial dispute as to the facts. That the private property of the complainant has been and is being trespassed upon, that its business of an interstate carrier, the carriage of the United States mail, its obedience of the law to provide and keep in repair the safety devices commanded by the government, has been and is being interrupted, to the irreparable injury of the complainant, as well as the public, is undisputed—in truth, is undisputable. All of this is due, directly or indirectly, to the effort to make effective the strike ordered by the heads of the labor unions involved.

[1] Although due notice of this motion has been given, none have appeared in this court in an endeavor to refute the plain case of the complainant, as it has been briefly stated, save alone members of the union at Centralia, who, being represented by counsel, have appeared and endeavored to show to the court that they personally and as members of the unions have obeyed the law, and have counseled and endeavored to persuade others to do likewise, and for such reason such of the defendants as reside there should be excepted from this injunction. Against this contention it is again undisputed that much trouble, agitation, trespassing, and undue interference with complainant's business occurred and is occurring at this place, notwithstanding the alleged good offices and intentions of these respondents.

I greatly sympathize with these men in their futile attempt to stay the tide of ruthless aggression initiated by the order of the heads of unions, and kept alive by the effort to make the strike effective, in fanning the flames of zeal supposed to have its repository in the minds of the common members. These good-intentioned men voluntarily joined the union, and thus submitted to its authority to such an extent that they felt for the time being morally bound to obey and respect its resolutions. They joined by their suffrages in electing the heads of unions, who thereafter became, were, and are their agents in producing the conditions that now surround them. Of these conditions they now repent, and seek to evade the consequences of them, while at the same

time they are unable to control the agencies they have personally assisted in creating, that produce such a situation of unlawful combination and aggressive force, requiring the interposition of the courts of justice to protect private and public property and rights' from irreparable loss and injury.

Defendants so situated have voluntarily placed themselves between two fires, as it were, and now, being unable to escape, must bear the heat of both. Being unable to control the agencies they aided in creating, they must now answer for the conduct of their own agents, and be alike held as principals with them for the unlawful combinations and conduct described in the complainant's bill of complaint, and supported by the numerous affidavits read upon the hearing of this cause.

[2] So far as the law of the case is concerned, it is of the most elementary character, and is of the fireside variety. Every person is entitled to the enjoyment of his private property without interference or trespass by others. No one has the right to walk across the yard, lot, or farm of another against the objection of the owner, without being subject to a fine for so doing under the criminal Code of our state. Every person is entitled to conduct his own lawful business, without the interference of others by force, intimidation, threats of violence or injury, or by combinations and conspiracies to unlawfully injure, impede, or coerce such person in any manner. In other words, the right to life, liberty, and the pursuit of happiness is the foundation of all enlightened civilization, and, when this is taken away, or unprotected by the government, nothing is left worth maintaining.

The complainant, the railroad company, in this case, is entitled to the same rights, no more, no less, than individual persons. Courts administer justice without respect to persons, and do equal right to the poor and the rich. In addition to its private rights being entitled to respect and protection under the law, the complainant, the railroad company, has certain duties to perform of a public nature, and in which all the people are interested. It is bound to carry the United States mail with safety and dispatch. It is bound to carry interstate passengers and freight in conformity to the laws of the United States. It is bound to keep its cars, engines, and safety devices in good order, in obedience to the laws of the United States. And, this being an absolute duty, nothing can be interposed as a defense for a failure in that regard, and the penalties of the law thereby be avoided.

The right of the complainant to the injunction prayed for is clear, and founded upon the most elementary principles of the law; and it is ordered that it issue.